IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TAYLRE KORECKY,

    Plaintiff,                                                   Case No. 9:20-cv-80580

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Taylre Korecky ("Plaintiff" or "Ms. Korecky"), hereby sues the Defendant, Mercantile Adjustment Bureau, LLC ("Defendant" or "MAB"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of Palm Beach County, Florida.

2. MAB is a foreign limited liability company with its principal place of business in Williamsville, NY.

3. This is an action brought pursuant to 15 U.S.C. 1692k.  Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## *Common Facts*

7. MAB is a company who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts. In that business, MAB regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

8. MAB has been attempting to collect an alleged debt (the "Alleged Debt") from Ms. Korecky that allegedly arose from a personal Bank of America credit card. MAB began attempting to collect the Alleged Debt from Ms. Korecky in or before August 2019.

9. In November 2019, Ms. Korecky sent MAB a letter stating that she was represented by an attorney with respect to the Alleged Debt. The letter also provided her attorney's name and contact information.

10. Despite having knowledge that Ms. Korecky was represented by an attorney with respect to the Alleged Debt and being able to readily ascertain such attorney's name and address, MAB continued contacting Ms. Korecky to collect the Alleged Debt.

11. Specifically, on or about March 6, 2020, MAB sent Ms. Korecky a debt collection letter pertaining to the Alleged Debt.

12. MAB directed the above-described letters to Plaintiff in the Southern District of Florida, and Plaintiff received the letters in the Southern District of Florida.

## **COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

13. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

14. MAB's conduct violated 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating with a consumer if the debt collector has knowledge that the consumer is represented by an attorney and can readily ascertain the attorney's name and address.

15. As a direct and proximate result of the wrongful conduct of MAB, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, Mercantile Adjustment Bureau, LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## **COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

16. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

17. MAB's conduct violated Section 559.72(18), which prohibits a debt collector from communicating with a consumer if the debt collector has knowledge that the consumer is represented by an attorney and can readily ascertain the attorney's name and address.

18. As a direct and proximate result of the conduct of MAB, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, Mercantile Adjustment Bureau, LLC, for actual damages, statutory damages in the

amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3) and Section 559.77(2), *Florida Statutes*, Plaintiff Taylre Korecky hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Taylre Korecky hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: April 2, 2020.                    Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,*
*Taylre Korecky*